## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

OPINION AND
DEFAULT AWARD
OF ARBITRATOR

-----------------------------------------------------------------x
**In the matter of the Arbitration between**

The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York and Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Paul O'Brien, as Trustees,

**Petitioners,**

-against-

**Peter R. Smith Inc.,**

**Respondent**
-----------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 07/01/2002, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claim arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Funds are unable to ascertain the amount of contributions due it as the Respondent has not allowed an audit of its books as required by the collective bargaining agreement.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 12/12/2006, the undersigned by Notice of Hearing dated 12/21/2006, scheduled a hearing for 02/27/2007, in order to determine the dispute between the parties.

1

## OPINION

On 02/27/2007, at the place and time designated at the aforesaid Notice of Hearing, Steven Kasarda, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against. There being no appearance on behalf of the Respondent nor any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 07/01/2002. This Contract obligated the Respondent-Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement.

The testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been attempted on numerous occasions but without success. Therefore the Funds are unable to ascertain the amount of contributions due the aforesaid Funds during the period of 01/30/2003 through Date.

Therefore Steven Kasarda, Esq. argues in order for the Funds to establish the amount of contributions it is due requires an award directing this Respondent-Employer to produce any and all books and records requested by the Benefit Funds Office, specifically cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the audit period 01/30/2003 through Date .

## AWARD

Upon the substantial and credible evidence of the case as a whole I find that the Respondent- Employer, Peter R. Smith Inc., failed to comply with the Collective Bargaining Agreement as it relates to allowing an audit of its books and records, and orders this Respondent-Employer to forthwith produce any and all books and records specifically cash disbursement section of the cash book, general ledger, job location records, daily location records, daily time records and all certified payrolls for the audit period 01/30/2003 through Date , to the Board of Trustees of the New York City District Council of Carpenters Benefit Funds.

Pursuant to the Collective Bargaining Agreement the Arbitrator orders this Respondent- Employer to pay forthwith to the Funds a sum total of $ 2,400.00 which represents the Funds costs incurred in this matter. The costs are as follows:

| | | |
|---|---|---|
| Attorney's Fee………………………. | $ | 1500.00 |
| Arbitrator's Fee……………………. | $ | 150.00 |
| Court Costs………………………… | $ | 250.00 |
| Audit Cost…………………………. | $ | 500.00 |
| **TOTAL** | $ | **2,400.00** |

Dated: Brooklyn, New York
       03/01/2007

ROGER E. MAHER, Arbitrator

To:   Steven Kasarda. Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Thomasina Caba
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014

      Peter R. Smith Inc.
      25 Old Camplain Road
      Hillsborough, NJ 08844
      Patricia Smith, Pres.

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER